UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGINA BARAJAS, et al.,<br><br>Defendants. | Case No. 19-cv-00555-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING LEAVE TO FILE A BRIEF IN EXCESS OF FIFTY PAGES**<br><br>Re: Dkt. No. 2 |

**INTRODUCTION**

Plaintiff, an inmate at Maguire Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint will be dismissed with leave to amend because it does not comply with Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

The complaint alleges unrelated claims against different sets of defendants, and should therefore be raised in separate suits. *George*, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits.").

First, Plaintiff alleges that on April 2, 2018, when he was arrested by defendant Redwood City Police Officer Barajas, Defendant Barajas denied his request to bring his insulin and other medications to jail pursuant to policies promulgated by defendants Redwood City and Redwood City Policy Department. He also alleges that defendant Redwood City Police Officer Lee Junsun failed to intervene when Defendant Barajas denied him his needed medication, and that defendant

2

Redwood City Police Department Chief Mulholland did not discipline Defendant Barajas or respond to Plaintiff's complaints regarding Defendant Barajas.

Second, Plaintiff alleges that, from April to July 2018, while incarcerated by San Mateo County, he was denied adequate medical care because he was not provided with diabetic shoes, eyeglasses, an appointment with an optometrist, and treatment for his glaucoma. He alleges that the following individuals, agencies, or municipalities are responsible for the denial of medical care: San Mateo County, San Mateo County's Sheriff's Office, San Mateo County Sheriff Carlos Bolanos; Correctional Health Services; Correctional Health Services Director Carlos Morales; Maguire Correctional Facility Captain Fitzpatrick; San Mateo Public Health Department; and San Mateo Public Health Department Kimberlee Kamura.

Third, Plaintiff alleges that in February 17, 2016, he fell and injured his right shoulder, and that Dr. Lindquist provided inadequate medical treatment when he failed to arrange for Plaintiff to receive physical therapy.

Fourth, Plaintiff alleges that San Mateo Sheriff's Office's Food Services Department and Food Manager violated his right to exercise his religion when they prepared his meals using non-Kosher utensils.

Fifth, Plaintiff alleges that on April 2, 2018, Safeway employee Irene Guzman acted under color of state law and in concert with police officers when she pushed a shopping cart into Plaintiff and injured his right leg. He alleges that Safeway CEO Robert Edwards violated his constitutional rights when he failed to investigate the incident or discipline Guzman.

These five incidents are unrelated in that they arise out of different occurrences and/or do not share a common question of law or fact. Plaintiff must seek relief for these five occurrences in separate lawsuits. If Plaintiff chooses to file an amended complaint, he may only seek relief for *one* of these occurrences in this action.

Plaintiff's complaint also suffers from additional deficiencies, which the Court explains below to assist Plaintiff in preparing his amended complaint.

First, Plaintiff has alleged that various supervisors or municipal entities are liable for the actions of their subordinates and employees, respectively. There is no respondeat superior liability

3

under § 1983, and a defendant's position as the supervisor of persons who allegedly violated the plaintiff's constitutional rights is not sufficient, standing alone, to impose liability. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691–92 (1978). A supervisor may be liable under §1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Thus, to state a claim against a supervisory official, the plaintiff must allege that the official personally participated in the constitutional deprivation, or that the supervisor was aware of widespread abuses and, with deliberate indifference to the plaintiff's constitutional rights, failed to take action to prevent the misconduct. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, a supervisor's failure to respond to notices (letters, complaints) regarding constitutional violations previously committed by an employee does not establish § 1983 liability for the past constitutional violations. In other words, a supervisor is not liable for a constitutional violation that she or he did not know would occur.

Similarly, municipal entities such as the San Mateo County Sheriff's Office, the Redwood City Police Department and the San Mateo County Department of Public Health, also cannot be held liable on a respondeat superior theory, or on the theory that it is responsible for the actions of its employees. *See Monell*, 436 U.S. at 691 (holding municipalities cannot be held liable under Section 1983 based upon respondeat superior theory). However, local governments, such as San Mateo County and Redwood City, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Second, Plaintiff has alleged that certain defendants have violated his constitutional rights

4

because they failed to respond to or process his grievances or complaints. Generally speaking, the failure to process or respond to Plaintiff's inmate grievances does not give rise to a separate due process claim under § 1983 because there is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). However, the refusal to process or respond to grievances that inform prison officials of an ongoing medical need and request treatment of the medical need could establish liability under the Eighth Amendment for deliberate indifference to serious medical needs. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

Third, Plaintiff has alleged that private actors Guzman and Edwards are liable under § 1983. However, "[s]tate action may be found . . . only if[] there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). The Ninth Circuit uses four approaches to determine whether private conduct is attributable to the state: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Under the joint action test, a court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citations, brackets and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case

1 number used in this order, Case No. C 19-00555 HSG (PR) and the words "AMENDED
2 COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the
3 questions on the form in order for the action to proceed. Because an amended complaint
4 completely replaces the previous complaints, Plaintiff must include in his amended complaint all
5 the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*,
6 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior
7 complaint by reference.

Plaintiff's request to file a brief over fifty pages is DENIED. Dkt. No. 2. Plaintiff states that he requires more than fifty pages for his complaint because of the extent of the constitutional violations committed by Defendants. However, Plaintiff may not seek relief for all constitutional violations he has suffered in one complaint if the complaint does not comply with Rule 20 of the Federal Rules of the Civil Procedure. If the amended complaint complies with Rule 20, it is unlikely that Plaintiff will require more than fifty pages for his complaint. In preparing an amended complaint, Plaintiff is advised that a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 7/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge