UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br>Plaintiff,<br>v.<br>GEORGINA BARAJAS, et al.,<br>Defendants. | Case No. 19-cv-00555-HSG<br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REQUEST TO ORDER RETURN OF LEGAL FILES**<br>Re: Dkt. No. 20 |

Plaintiff, an inmate currently incarcerated at Maguire Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 24, 2019, the Court dismissed the complaint with leave to amend, and ordered Plaintiff to file an amended complaint by August 21, 2019. Dkt. No. 18. On August 16, 2019, Plaintiff requested an extension of time to file his amended complaint and asked the Court to order the Redwood City Police Department to return his legal files so that he may review his original complaint. Dkt. No. 20. He states that he did not receive the Court's order until August 14, 2019, and that the envelope containing the court order had a postmark date of August 8, 2019. *Id.* at 2. He also states that he is severely disabled, that his legal files are currently in the possession of the Redwood City Police Department, that Maguire Correctional Facility does not grant *pro per* status to inmates litigating civil cases *pro se*. *Id.* at 3. Plaintiff also states that he was released from custody on June 28, 2019, and then returned to custody "by order of state parole" on July 7, 2019, and currently has a release date of September 22, 2019. *Id.* at 2–3.

Good cause being shown, Plaintiff's request for an extension of time to file his amended complaint is GRANTED. Plaintiff shall file his amended complaint by October 11, 2019. Plaintiff's request that the Court order the Redwood City Police Department to return his legal

files to him is DENIED.  The Redwood City Police Department is not a party to this action, and therefore is not within the Court's jurisdiction.  The Court will return Petitioner's original complaint to him under separate cover.

Plaintiff is reminded that he must promptly keep the Court informed of any change of address.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Dkt. No. 20.

**IT IS SO ORDERED.**

Dated: 8/21/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge